UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RASHEED AL RUSHAID, et al.,** § § | |
| Plaintiffs, § § | |
| v. § § | CIVIL ACTION NO. H-11-3390 |
| **NATIONAL OILWELL VARCO, INC., et al.,** § § § | |
| Defendants. § § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion to Remand (Doc. No. 6). After considering the motion, all responses thereto, and the applicable law, the Court finds that Plaintiffs' motion must be denied.

**I.     Background**

Plaintiffs Rasheed al Rushaid, Al Rushaid Petroleum Investment Corporation, and Al Rushaid Parker Drilling Ltd. ("ARPD"), (collectively, the "Plaintiffs") filed this case in state court against Defendants National Oilwell Varco, Inc.; National Oilwell Varco LP; NOW Oilfield Services, Inc.; National Oilwell Varco Norway (Grant Prideco LP; and Grant Prideco Holdings LLC (collectively, the "Defendants"). Defendants removed the case to federal court pursuant to 9 U.S.C. § 205 and 28 U.S.C. § 1441. (Doc. No. 1.)

Plaintiffs in this case are two companies and one individual who claim to have been harmed by actions taken by Defendants in concert with former, corrupt, ARPD employees (the "Corrupt Employees"). According to Plaintiffs, ARPD contracted with

1

Defendants so that ARPD could procure equipment and services for the purpose of performing its contracts with another company, Saudi Aramco ("Aramco"). Unbeknownst to ARPD and its Plaintiff owners, Defendants then conspired with the Corrupt Employees to "control and operate ARPD for their own benefit…ultimately destroying ARPD…and causing massive damage to it and its Plaintiff owners." (Doc. No. 1, Ex. 5 ¶ 27.) Specifically, Plaintiffs allege that Defendants bribed the Corrupt Employees in order to fraudulently induce ARPD to enter into overpriced contracts and pay inflated invoices. (*Id.* ¶ 29.) When Defendants failed to perform on their contracts with ARPD, the Corrupt Employees protected Defendants "from sanctions that were otherwise available, including termination of the contracts, replacement by other vendors, civil litigation, and criminal charges." (*Id.* ¶ 31.) Defendants' failures to perform on contracts with ARPD led Plaintiffs to fall short on their contracts with Aramco, which resulted in Plaintiffs paying Aramco "tens of millions of dollars in liquidated damages." (*Id.* ¶ 37.) Plaintiffs assert claims against Defendants for aiding and abetting breach of fiduciary duties, civil conspiracy, fraud by non-disclosure, fraud, and breach of contract. (*Id.* ¶¶ 94-157.)

In their Notice of Removal, Defendants indicate that the contracts at issue in this case include "Terms and Conditions," which provide that "Varco retains the right to arbitrate any and all disputes that may arise in connection with the sale of its Equipment, Product or Services." (Doc. No. 1, Ex. A, at 15.) Defendants argue that, because the sales governed by these contracts were between a citizen of a foreign state and a citizen of the United States, the arbitration clause triggers the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. Under these circumstances, Defendants argue, the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-208, entitles Defendants to remove the case to federal court.

## II.     Legal Standard

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-208, grants original jurisdiction to district courts of any action or proceeding falling under the Convention. 9 U.S.C. § 203. Normally, federal courts look to the face of a complaint to determine whether it implicates a substantial, disputed question of federal law. *Id.* at 366; *Memorial Hermann Hosp. System v. Aetna Health Inc.*, 2011 WL 3703770, at *2 (S.D. Tex. Aug.23, 2011). However, in the context of cases removed under the Convention, "the ground for removal…need not appear on the face of the complaint, but may be shown in the petition for removal." 9 U.S.C. § 205. Moreover, the Fifth Circuit has held that the "the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because in these instances, Congress created special removal rights to channel cases into federal court.'" *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 377 (5th Cir. 2006), *citing McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.3d 1199, 1207-08 (5th Cir. 1991). The party seeking removal bears the burden of showing that federal jurisdiction is proper. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

To remove a case under 9 U.S.C. § 205, a defendant must show that (1) an arbitration agreement exists that "falls under" the Convention, and (2) the dispute "relates to" the arbitration agreement. *Beiser v. Weyler*, 284 F.3d 665, 666 (5th Cir.2005). An agreement "falls under" the Convention Act when "(1) there is an agreement in writing to

3

arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the relationship arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Lim v. Offshore Speciality Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005). The "relates to" requirement is met "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case." *Beiser*, 284 F.3d at 669. "As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case. That is all that is required to meet the low bar of 'relates to.'" *Id.*

### III.   Analysis

In their Motion to Remand, Plaintiffs challenge the removal of this case based on preemption, ripeness, and the timeliness of Defendants' removal. Plaintiffs do not dispute that the agreement at issue in this case "falls under" the Convention, nor do they challenge the extent to which the suit "relates to" the arbitration agreement.

#### 1. Preemption

Plaintiffs argue that this case should be remanded based on the fact that the Federal Arbitration Act (FAA) does not completely preempt Texas state law. In *ASW Allstate Painting & Const. Co. Inc. v. Lexington Ins. Co. Inc.*, 188 F.3d 307, 310 (5th Cir. 1999), the Fifth Circuit held that the FAA "does not preempt state arbitration rules as long as the state rules do not undermine the goals and policies of the FAA." Plaintiffs interpret *ASW* to mean that, unless a defendant alleges that Texas state law undermines the goals and policies of the FAA, a case removed to federal court under the FAA must

be remanded. Because Defendants in this case have not made any such allegations regarding Texas state law and the FAA, Plaintiffs argue that the case must be remanded.

Plaintiffs misunderstand the statutory basis for this Court's jurisdiction. The case was not removed under the FAA, but under the Convention. In *Acosta*, 452 F.3d at 379, the Fifth Circuit considered whether a Louisiana statute's prohibition of binding arbitration defeated federal court jurisdiction and commanded the remand of a case brought under the Convention. The court held that, while Louisiana law might ultimately overcome the defendant's right to arbitrate, that fact did not affect the existence of federal court jurisdiction based on the Convention. *Id.* Similarly here, the role that preemption ultimately might play in this case does not affect the Court's jurisdiction, and is not properly considered at this stage.

    **2. Ripeness**

Plaintiffs also assert that the arbitration provision at issue is only permissive, and that, at the time of removal, Defendants had not yet exercised their right to arbitrate. Because they had not yet exercised this right, Plaintiffs argue that a federal question did not exist at the time of removal.

As Plaintiffs point out, the test for federal question jurisdiction is whether the claims that give rise to it existed at the time of removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Plaintiffs take this rule this to mean that, unless a defendant has exercised its right to arbitrate at the time of removal, no federal question exists. Plaintiffs provide no case law—and the Court finds none—for this proposition. Rather, it seems clear to the Court that, under Fifth Circuit precedent, as

long as (1) an arbitration agreement exists that "falls under" the Convention, and (2) the dispute "relates to" the arbitration agreement, the case may proceed in federal court. *See, e.g.*, *QPro Inc. v. RTD Quality Servs. USA, Inc.*, 761 F. Supp. 2d 492, 493 (S.D. Tex. 2011). While this case may be remanded if the Court concludes at any point that the claim is not arbitrable, at this time Defendants meet the low standard for removal set by Fifth Circuit. *Id.* at 503-504 (initially denying plaintiff's motion to remand, but later remanding the case based upon a finding that the plaintiff's claims were not arbitrable).

### 3. Timeliness of Notice of Removal

Finally, Plaintiffs argue that this matter should be remanded because removal occurred outside of the 30-day time limit prescribed by 28 U.S.C. § 1447(c). In making this argument, Plaintiffs overlook the fact that the time limit set by § 1447(c) does not apply to cases removed pursuant to 9 U.S.C. § 205. Section 205 explicitly states that a defendant "may, *at any time before the trial thereof*, remove such action or proceeding" to federal court. 9 U.S.C. § 205 (emphasis added); *see also McDermott*, 944 F.2d at 1212 ("[U]nder section 205, a defendant may remove 'at any time before the trial.' Other cases may be removed only within 30 days after the defendant receives a pleading.").

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Remand (Doc. No. 6) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 6th day of December, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6