UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RASHEED AL RUSHAID, *et al*, § § <br> Plaintiffs, § § <br> v. § <br> § <br> NATIONAL OILWELL VARCO, INC., *et al*, § § § <br> Defendants. § | Case No. 4:11-cv-3390 |

## ORDER

Pending before the Court is a Motion for More Definite Statement filed by Defendants Grant Prideco Holdings LLC, Grant Prideco LP, NOW Oilfield Services, Inc., National Oilwell Varco LP, and National Oilwell Varco, Inc. (collectively, the "Defendants"). (Doc. No. 25.) The parties dispute whether Defendants' filing of Special Exceptions and an Original Answer in state court, before this action was removed to federal court, precludes Defendants from asserting the pending motion, which brings arguments under Rules 12(b)(6) and 12(e). The question is a complicated one, and the parties' omission of case law makes it difficult to answer. Thus, the Court asks the parties to respond, via supplemental briefing, to the below questions. The parties are directed to avoid making conclusory statements unsupported by law, and are encouraged to cite to relevant authorities in support of their responses.

    I.    **Whether Defendants' Special Exceptions to Plaintiffs' Amended Complaint Constitute a Responsive Pleading, Thereby Waiving Defendants' 12(b)(6) and 12(e) Arguments**

Defendants filed Special Exceptions to Plaintiffs' Amended Petition in state court. Is there case law supporting, or refuting, the proposition that special exceptions constitute a responsive pleading, precluding Defendants from later filing 12(b)(6) and 12(e) motions? In Texas, "[f]ailure to state a claim is a defect which should be challenged by special exceptions." *City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 241 (Tex. App. 2005) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 483 (Tex. App.—Houston [14th Dist.] 1991, no writ) ("Under the Texas Rules of Civil Procedure, the proper way for a defendant to urge that a plaintiff has failed to plead a cause of action is by special exception.")). Similarly, another court in this District has held that "failure to file special exceptions to Texas state court pleadings, the functional equivalent of a federal motion for more definite statement, prior to filing a responsive pleading constitutes waiver of the pleadings defects." *Pennington v. Carmax Auto Superstores Inc.*, 2010 WL 1050266, at *2 (S.D. Tex. Mar. 17, 2010). Does not filing special exceptions—but failing to raise the issue of a more definite statement—similarly constitute waiver of that pleading defect?

Ultimately, if special exceptions are the proper method for asserting failure to state a claim and motion for more definite statement in state court, does not this render them responsive pleadings for this Court's purposes?

## II.  Whether Defendants' Answer to the Original Complaint Waives 12(b)(6) and 12(e) Arguments

Defendants' Original Answer in state court purports to be an answer to Plaintiffs' Original Petition, notwithstanding the following: (1) it was filed after Plaintiffs filed their Amended Petition; (2) it was filed after Defendants' filed Special Exceptions to Plaintiffs' Amended Petition; and (3) it is asserted on behalf of Defendants that were not named in Plaintiffs Original Petition, and were added only in Plaintiffs' Amended Petition. These facts

raise a serious question as to whether Defendants' Answer is, as they assert, an answer to the Original Petition, or whether it should instead be construed as an Answer to the Amended Petition. However, assuming Defendants' Answer is only to the Original Petition, the effect of such an answer still remains unclear. In *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 771 (S.D. Tex. 2010), this Court considered whether a defendant waived its Rule 12(b)(6) arguments by filing a responsive pleading to an original complaint, and then moving to dismiss a later, amended complaint. Ultimately, the Court did not reach the issue in that case, as the defendants had preserved their Rule 12(b)(6) arguments in their responsive pleading.

In this case, assuming Defendant's Answer was filed in response to the Original Complaint, what case law supports the conclusion that it nonetheless precludes Defendant from moving to dismiss the Amended Complaint? Conversely, is there case law supporting Defendant's position that a pleading filed in a response to an original complaint does not preclude the filing of a Rule 12(b)(6) motion to an amended complaint?[1]

### III. Conversion of Defendants' Pending Motion to a Motion for Judgment on the Pleadings under Rule 12(c)

---

[1] Defendants cite three cases, none of which is persuasive. The first is *Ward v. City of Lancaster*, 2010 WL 3582594 (N.D. Tex. Sept. 9, 2010), cited for the proposition that, "when a plaintiff files an amended complaint, opposing parties may still move for a more definite statement even though they have answered the original complaint." (Doc. No. 35 at 3 n.7.) However, in *Ward*, the defendant's answer to the original complaint had been filed with a 12(b)(6) motion. 2010 WL 3582594, at *1. Thus, the court was not addressing the scenario of a defendant answered an original complaint with only a general denial. The second case cited by Defendants, *S.E.C. v. Provident Royalties, LLC*, 2010 WL 3784195 (N.D. Tex. Sept. 25, 2010), presents a more analogous situation. In that case, the defendant answered an original complaint without filing a 12(b)(6) motion, and then filed a Rule 12(e) motion to an amended complaint. The court held that the defendant could do so. However, the facts of *Provident Royalties* are distinguishable because the defendant in that case was moving only under Rule 12(e), and not under Rule 12(b)(6). More troubling, though, is the fact that the court in *Provident Royalties* relied upon *Ward*, which, as explained, is factually distinguishable. Finally, Defendants refer to a footnote in *In re Enron Corporation*, which cites an 1854 Supreme Court case for the proposition that "[a] general denial is not sufficient, but [there] must be [an] answer to sifting inquiries upon the general question." *In re Enron Corp.*, 2005 WL 6237551, at *35 n.36 (Bankr. S.D. Tex. Dec. 9, 2005) (quoting *Hinkle v. Wanzer*, 58 U.S. 353, 355 (1854)). The relevance of the *Enron* case is unclear; the case does not attempt to identify responsive pleadings, and does not address 12(b)(6) or 12(e) motions.

Even if Defendants' Special Exceptions or Original Answer are considered responsive pleadings, rendering their 12(b)(6) and 12(e) arguments untimely, the Court can convert Defendants' motion to a motion for judgment on the pleadings under Rule 12(c). Motions for judgment on the pleadings under Rule 12(c) are subject to the same standard as motions to dismiss under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002)). Because the standard is the same, the Court can conduct an identical 12(b)(6) analysis under 12(c) without determining whether Defendants have filed a responsive pleading. The only apparent difference would be that the 12(e) portion of Defendants' motion, Defendants' request for a more definite statement, would likely not be considered under Rule 12(c). If either party wishes to address the advisability of considering Defendants' motion under Rule 12(c), such response should be included in the supplemental briefing.

All supplemental briefs should be filed on or before April 26, 2012.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas, on this the 20th day of April, 2012.

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE